# Supreme Court of Florida

No. SC2025-0725

**IN RE: AMENDMENTS TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.530 AND 2.540.**

May 14, 2026

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee filed a report proposing amendments to Florida Rules of General Practice and Judicial Administration 2.530 (Communication Technology) and 2.540 (Requests for Accommodations by Persons with Disabilities).[1]

The Board of Governors of The Florida Bar unanimously recommends acceptance of the proposed amendments. The Court published the proposed amendments for comment, and no comments were received.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

Having considered the proposal, we decline to adopt the proposed rule amendment to rule 2.530 at this time. We instead refer the matter to the Civil Procedure Rules Committee and ask it to consider proposing an amendment regarding the use of audio-visual communication technology during a deposition in existing Florida Rule of Civil Procedure 1.310 (Depositions on Oral Examination).

However, we do adopt the amendments to rule 2.540 as proposed. Specifically, we amend subdivision (c)(1) to clarify that all notices of court proceedings, "whether an order issued by a judge or a notice filed by an attorney or party," which includes but is "not limited to a summons," must contain the Americans with Disabilities Act (ADA) notice language. We also change the requirement that the notice language appear in either Times New Roman or Courier font to now be either Bookman Old Style or Arial font. Additionally, we update the notice language to refer to an "ADA Coordinator" instead of a specific individual's name.

Accordingly, the Rules of General Practice and Judicial Administration are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are

indicated by struck-through type. The amendments become effective July 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Michael Robert Ufferman, Chair, Rules of General Practice and Judicial Administration Committee, Tallahassee, Florida, Hon. Santo DiGangi, Past Chair, Rules of General Practice and Judicial Administration Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 2.540.   REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

**(a)-(b)**      [No Change]

**(c)   Notice Requirement.**

(1)    All notices of court proceedings, whether an order issued by a judge or a notice filed by an attorney or party~~to be held in a public facility~~, and all process compelling appearance, including but not limited to a summons, at ~~such~~court proceedings, ~~shall~~must include the following statement in bold face, 14-point ~~Times New Roman or Courier~~Bookman Old Style or Arial font:

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [~~identify applicable court personnel by name~~ADA Coordinator, applicable address, and applicable telephone number] at least 7 days before your scheduled court appearance, or immediately ~~up~~on receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

(2)    Each trial and appellate court ~~shall~~must post on its ~~respective~~ website and in each court facility the procedures for obtaining an accommodation ~~as well as~~and the grievance procedure adopted by that court.

**(d)   Process for Requesting Accommodations.** The process for requesting accommodations is as follows~~:~~.

(1)    [No Change]

(2)    Requests for accommodations must include a description of the accommodation sought, along with a statement of the impairment that necessitates the accommodation and the duration that the accommodation is to be provided. Requests for

- 4 -

accommodation ~~shall~~<u>must</u> not include any information regarding the merits of the case.

(3)     If applicable to a court proceeding, the ADA coordinator, or designee, ~~shall~~<u>must</u> advise the judge or the judge's staff of the request and proposed accommodation. The court, in its discretion, may require the individual with a disability to provide additional information about the impairment if the proposed accommodation may present a fundamental alteration in the court proceeding.

(4)     Requests for accommodations must be made at least 7 days before the scheduled court appearance, or immediately ~~up~~on receiving notification if the time before the scheduled court appearance is less than 7 days.  The court may, in its discretion, waive this requirement.

**(e)     Response to Accommodation Request.** The court must respond to a request for accommodation as follows~~:~~<u>.</u>

(1)     [No Change]

(2)     The court must inform the individual with a disability of the following:

(A)     ~~That~~<u>that</u> the request for accommodation is granted or denied, in whole or in part, and if the request for accommodation is denied, the reason ~~therefor~~<u>for the denial</u>; or that an alternative accommodation is granted;

(B)     ~~The~~<u>the</u> nature of the accommodation to be provided, if any; and

(C)     ~~The~~<u>the</u> duration of the accommodation to be provided.

If the request for accommodation is granted in its entirety, the court ~~shall~~<u>must</u> respond to the individual with a disability by any appropriate method.  If the request is denied or granted only in part, or if an alternative accommodation is granted, the court must

- 5 -

respond to the individual with a disability in writing, as may be appropriate, and if applicable, in an alternative format.

(3)　[No Change]

**(f)　Grievance Procedure.**

(1)　Each judicial circuit and appellate court ~~shall~~must establish and publish grievance procedures that allow for the resolution of complaints. Those procedures may be used by anyone who wishes to file a complaint alleging discrimination on the basis of disability in the provision of services, activities, programs, or benefits by the Florida State Courts System.

(2)　If ~~such~~the grievance involves a matter that may affect the orderly administration of justice, ~~it is within the discretion of~~ the presiding judge ~~to~~may stay the proceeding and seek expedited resolution of the grievance.

**(g)　Use of Service Animals.**

(1)　[No Change]

(2)　The court ~~shall~~must allow the use of a service animal by an individual with a disability in facilities of the courts and when participating in all programs or activities provided by the courts, as provided in and subject to the requirements of the ADA and Florida law.

(3)　Subject to the requirements of the ADA, an individual seeking to use a service animal in a scheduled court appearance ~~should~~must notify the court in advance ~~pursuant to~~under the procedures in subdivision (d). The failure to give advance notification ~~shall~~does not preclude the use of a service animal where otherwise permissible under this rule.

**(h)　Use of Emotional Support Animals.**

(1)　[No Change]

(2)　The court may permit an individual the use ~~of~~ and accompaniment of an emotional support animal when participating

in programs, services, or activities provided by the courts of this state.

(3)    An individual seeking to use an emotional support animal in a scheduled court appearance must notify the court in advance ~~pursuant to~~<u>under</u> the procedures in subdivision (d).